UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY SHAMOUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:19-CV-2034-G |
| OLD DOMINION FREIGHT LINE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are two motions: (1) the Plaintiff Gregory Shamoun's Motion for Remand ("Motion to Remand") (docket entry 8), and; (2) the Motion to Dismiss filed by the defendant Old Dominion Freight Line, Inc. ("Old Dominion") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion to Dismiss") (docket entry 4). For the reasons set forth below, the motion to remand is **DENIED**, the motion to dismiss is **GRANTED**, and the plaintiff's claims are **DISMISSED** without prejudice, with leave to the plaintiff to replead.

## I. BACKGROUND

This case arises from the defendant's alleged action of placing the plaintiff's property in a dumpster, thereby permanently depriving the plaintiff of his property. Notice of Removal (docket entry 1), Exhibit 3 ("Plaintiff's Original Petition and

request for Disclosure" or "Complaint").  In his complaint, the plaintiff alleges the following:

Several months prior to filing his complaint on July 24, 2019, the plaintiff Gregory Shamoun ("Shamoun") shipped four medallions ("the medallions") to Arizona to be "fabricated and returned to Dallas."  Complaint at 2.  The medallions were ready to be shipped back from Arizona to Dallas on or about June 19, 2019, and Old Dominion was engaged to that end.  *Id.*  Shamoun is the owner of the medallions, *id.*, and was "the intended recipient" of the shipment.  Plaintiff Gregory Shamoun's Response to Defendant's Motion to Dismiss ("Plaintiff's Response") (docket entry 7) at 1.  Old Dominion assigned shipping label number 13103626894 to the medallions.  Complaint at 2; *see also* Reply filed by Old Dominion Freight Line Inc re: Motion to Dismiss ("Reply") (docket entry 11), Exhibit A ("the bill of lading") (depicting a bill of lading dated June 19, 2019 that lists "Greg Shamoun" as a "CONSIGNEE," and bears the number 13103626894).  Some time thereafter, but prior to June 22, 2019, the medallions arrived at Old Dominion's facility located at 2760 Marquis Drive, Garland, Texas 75042.  Complaint at 2-3.

On or about June 22, 2019, one of Old Dominion's employees placed the four medallions in a dumpster at Old Dominion's Garland facility.  *Id.* at 3.  Shamoun alleges that Old Dominion "failed to recover the [medallions] from the dumpster

before the contents of the dumpster" were emptied, and that as a result, "Shamoun has been permanently deprived of his [p]roperty." *Id.*

The plaintiff filed his original petition and request for disclosure in a Texas state court on July 24, 2019. Notice of Removal, Exhibit 2. In his complaint, Shamoun asserts two causes of action under Texas law: the first for negligence, and the second for conversion. Complaint at 3-4. On August 26, 2019, the defendant timely removed the case to the United States District Court for the Northern District of Texas within the 30 day period prescribed in 28 U.S.C. § 1446. *See* Notice of Removal.

In its notice of removal, the defendant asserts that this court may exercise subject matter jurisdiction over the plaintiff's claims under 28 U.S.C. § 1331. *Id.* at 2. Although the plaintiff does not bring any federal claims, the defendant asserts that the exercise of federal question jurisdiction is appropriate in this case because the plaintiff's "state law causes of action are completely preempted by the Carmack Amendment to the Interstate Commerce Act." *Id.*

The day after removing this case to federal court, on August 27, 2019, the defendant filed the instant motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6). Motion to Dismiss at 1. In its motion, the defendant asserts that the Carmack Amendment entirely preempts all state law claims arising out of the interstate transportation of cargo, and therefore, that the plaintiff's claims should be

dismissed. *Id.* at 2-6. The plaintiff filed his response to the motion to dismiss on September 17, 2019. *See* Plaintiff's Response. On the same day, the plaintiff also filed his motion to remand, in which he argues that his state law causes of action are not preempted by federal law, and therefore, that this court lacks subject matter jurisdiction. *See* Motion to Remand at 2. Old Dominion filed a reply in support of its motion to dismiss on October 1, 2019 (docket entry 11), and a response to Shamoun's motion to remand on October 2, 2019 (docket entry 12). Shamoun declined to file a reply in support of his motion. Accordingly, both motions are fully briefed and are ripe for determination.

## II. ANALYSIS

Where, as here, the court is presented with both a jurisdictional challenge and a motion to dismiss pursuant to "Rule 12(b)(6), the [c]ourt should address the jurisdictional question first." See *Carmouche v. National Flood Insurance Program*, No. CV 17-11479, 2018 WL 5279121, at *2 (E.D. La. Oct. 24, 2018) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This is because federal courts are courts of limited jurisdiction and must therefore "affirmatively ascertain subject-matter jurisdiction before adjudicating a suit." See *Sawyer v. Wright*, 471 F. App'x 260, 261 (5th Cir.) (per curiam), *cert. denied*, 568 U.S. 1010 (2012). Accordingly, the court first considers the plaintiff's motion to remand to determine whether the exercise of removal jurisdiction is proper in this case.

A. <u>The Plaintiff's Motion to Remand</u>

*1. Legal Standard*

Title 28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). Because "removal jurisdiction raises significant federalism concerns," however, the statute must be strictly construed. *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F.Supp. 748, 750 (N.D.Tex.1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108–09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

District courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Frank v. Bear Stearns & Company*, 128 F.3d 919, 922 (5th Cir. 1997). In determining whether a claim arises under federal law, the well-pleaded complaint rule dictates that "the

plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *The Fair v. Kohler Die & Specialty Company*, 228 U.S. 22, 25 (1913)). There is, however, an exception to the well-pleaded complaint rule, known as the complete preemption doctrine. *Id.* at 393.

> "Complete preemption" is a jurisdictional doctrine sometimes invoked upon removal to federal court. *See* 14B Charles Alan Wright et al., Federal Practice & Procedure § 3722.2 (4th ed. 2016). The complete preemption doctrine provides that the preemptive force of some federal statutes is so strong that "it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," such that removal is possible. *GlobeRanger Corp. v. Software AG* ("*GlobeRanger I*"), 691 F.3d 702, 705 (5th Cir. 2012).

*Spear Marketing, Inc. v. BancorpSouth Bank*, 844 F.3d 464, 467 n.3 (5th Cir. 2016). Although a plaintiff is generally "the master of the claim," where a defendant establishes complete preemption, the "artful pleading doctrine [] permits the court to look beyond the face of the plaintiff's complaint to determine if federal law 'so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all.'" *Meisel v. USA Shade and Fabric Structures, Inc.*, 795 F.Supp. 2d 481, 485 (N.D. Tex. 2011) (Fish, Senior J.) (quoting *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 366 (5th Cir. 1995)).

The doctrine of complete preemption is purely jurisdictional and is distinct from the affirmative defense of "ordinary preemption (variably called 'defensive

preemption').") *Spear Marketing*, 844 F.3d at 467 n.3.  Thus, where a plaintiff's state law claim gives rise to federal removal jurisdiction under the doctrine of complete preemption, the claim is not necessarily "entirely preempted on the merits (meaning that [defensive] preemption provides a defense against only some portion of the state law claim, leaving a viable state law claim to be litigated on the merits)." *Id.* However, for a court to find that a state law claim is "completely preempted" but not "entirely preempted on the merits," the claim must be "based on multiple wrongful acts," at least one of which does not "violate rights that are equivalent to" the rights conferred by the preempting federal statute.  *See id.* (citing *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 709 (5th Cir.  2012)).

### 2. Application

Old Dominion, in its notice of removal, asserts that the plaintiff's state law claims for negligence and conversion "are completely preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 *et seq.*"  Notice of Removal at 2.  The Fifth Circuit has found "that Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*[,]" and accordingly, that state law claims that fall within the purview of the Carmack Amendment are removable to federal court.  *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (emphasis in original) (citing *Beneficial National Bank v. Anderson*, 539 U.S. 1,

9-10 (2003)); see also *Heniff Transportation Systems, L.L.C. v. Trimac Transportation Services, Inc.*, 847 F.3d 187, 190 (5th Cir. 2017) (noting that the Fifth Circuit "has repeatedly recognized the 'broad reach' of the Carmack Amendment"). "The Carmack Amendment essentially 'centralize[s] in one carrier—the one that issued the bill of lading—liability for breaches in the contract of carriage, so that shippers and consignees c[an] look to this one source (instead of seeking out fault from among connecting carriers) for damages caused by *any* default in the performance of the contract of carriage.'" *Choptank Transport, Inc. v. Mathy Trucking, Inc.*, No. 3:10-CV-0713-N, 2010 WL 11619034, at *2 (N.D. Tex. Nov. 18, 2010) (Godbey, J.) (citation omitted) (emphasis in original).

The plaintiff does not dispute that the Carmack Amendment has a broad preemptive scope in the context of interstate transportation of goods by a common carrier. Rather, Shamoun asserts that "only a shipper has standing to bring a claim under the Carmack Amendment[,]" and thus, because the plaintiff is not a shipper, that his state law claims do not fall within the purview of the Carmack Amendment. *See* Motion to Remand at 2; Plaintiff's Response at 3-10.

Upon review of the parties' briefs and the relevant authorities cited therein, the court concludes that the plaintiff has standing to bring suit under the Carmack Amendment.

a. The Plaintiff Has Standing to Sue under the Carmack Amendment Based on the Language in the Bill of Lading

The Carmack Amendment provides in pertinent part that

> [a] carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service. . . are liable *to the person entitled to recover under the receipt or bill of lading*. The liability imposed under this paragraph is for the actual loss or injury to the property . . . . Failure to issue a receipt or bill of lading does not affect the liability of a carrier.

49 U.S.C. § 14706(a)(1) (emphasis added). By its terms, Section 14706(a)(1) confers standing to sue under the Carmack Amendment to "the person entitled to recover under the receipt or bill of lading." *Id.* Courts have interpreted this language in different ways, with some "[holding] that particular classes of persons are entitled to recover under the receipt or bill of lading[,]"[1] and others looking instead to the text of a specific "bill of lading, rather than an abstract classification system, to

---

[1] See, e.g., *Haulmark Services, Inc. v. Solid Group Trucking, Inc.*, No. CIV.A. H-14-0568, 2014 WL 5768685, at *2 (S.D. Tex. Nov. 5, 2014) (citing *Banos v. Eckerd Corp.*, 997 F.Supp. 756, 762 (E.D.La. 1998) (noting that under the Carmack Amendment, "consignors, holders of the bills of lading issued by the carrier, and persons beneficially interested in the shipment though not in possession of the actual bill of lading, in addition to shippers, have standing to sue . . .").

determine whether" a party is entitled to sue under the Carmack Amendment.[2] *OneBeacon Insurance Co. v. Haas Industries, Inc.*, 634 F.3d 1092, 1098 (9th Cir. 2011).

The plaintiff, relying on Chief Judge Fitzwater's opinion in *Pyramid Transportation, Inc. v. Greatwide Dallas Mavis, LLC*, argues that the court should apply the latter approach, and because "Shamoun is a stranger to the bill of lading," conclude that Shamoun lacks standing to assert a Carmack claim. Plaintiff's Response at 8-9. The plaintiff's reliance on *Pyramid* is misplaced. There, the court considered whether a transportation broker had standing to sue under the Carmack Amendment. *Pyramid Transportation, Inc. v. Greatwide Dallas Mavis, LLC*, No. 3:12-CV-0149-D, 2013 WL 840664, at *3-*4 (N.D. Tex. Mar. 7, 2013) (Fitzwater, Chief J.). To determine whether the plaintiff was a "person entitled to recover under the receipt or bill of lading," the court first considered a "load confirmation contract" issued by the defendant-carrier, and found that the "load confirmation contract contain[ed] nothing that would enable a reasonable jury to find that it was intended to grant [the plaintiff] the right to recover for a loss to the shipment." *Id.* at *4.

Here, unlike the load confirmation contract in *Pyramid,* which contained no indication "that it was intended to grant [the plaintiff] the right to recover for a loss

---

[2] See, e.g., *OneBeacon Insurance Co. v. Haas Industries, Inc.*, 634 F.3d 1092, 1098 (9th Cir. 2011) ("Although we recognize that members of certain classes often will be entitled to sue, the [Carmack Amendment] compels a more direct approach to standing. The crucial phrase under the current statute is 'the person entitled to recover *under the receipt or bill of lading*.'") (citations omitted) (emphasis in original).

to the shipment," the bill of lading attached to Old Dominion's reply in support of its motion to dismiss lists "Greg Shamoun" as a "CONSIGNEE."[3]  Reply, Exhibit A; see *Choptank Transport*, 2010 WL 11619034, at *2 (noting that the Carmack Amendment centralizes liability in one carrier "so that shippers and *consignees* c[an] look to this one source (instead of seeking out fault from among connecting carriers) for damages caused by any default in the performance of the contract of carriage.'") (emphasis added).  The court concludes that this language is sufficient to establish that Shamoun is entitled to recover under the bill of lading.

Additionally, the bill of lading issued in relation to the shipment of Shamoun's medallions states: "RECEIVED and mutually agreed by the Shipper, his assigns and *any additional party with an interest to any of said property* hereto and by the Carrier . . ." *Id.* (emphasis added).  Shamoun asserts that he is the owner of the medallions; thus, there is no question that Shamoun has an interest in the property.  For both of these reasons, the court concludes that Old Dominion has established that the bill of lading between the shipper and Old Dominion was "intended to grant [Shamoun] the right to recover for a loss to the shipment." See *Pyramid Transportation, Inc.,* 2013 WL 840664 at *4; *Haas*, 634 F.3d at 1098 (finding that the owner of goods shipped in interstate commerce was a "Shipper," and therefore had standing under the Carmack

---

[3]   A "consignee" is defined in the Uniform Bills of Lading Act as "the person named in a bill of lading as the person to whom the goods are to be delivered." 49 U.S.C. § 80101(1).

Amendment where the applicable bill of lading defined "Shipper" as "[any] party having an interest in the shipment"). Accordingly, Shamoun has standing to sue under the Carmack Amendment based on the language in the bill of lading.

b. <u>The Plaintiff Has Standing to Sue under the Carmack Amendment Based on His Ownership of the Medallions</u>

The court further concludes that, irrespective of the language in the bill of lading, Shamoun also has standing to bring a Carmack Amendment claim based on his status as the owner of the medallions. Although the text of a receipt or bill of lading may expressly identify "the person [(or persons)] entitled to recover under the receipt or bill of lading," *see* 49 U.S.C. § 14706(a)(1), a carrier can be held liable under the Carmack Amendment even where the plaintiff is not identified in a receipt or bill of lading, or where no receipt or bill of lading is issued at all. *See id.* ("Failure to issue a receipt or bill of lading does not affect the liability of a carrier."); see also *Heniff Transportation Systems*, 847 F.3d at 192 ("The terms of the bill of lading and whether a bill is issued *at all* are irrelevant to the applicability of the Carmack Amendment.") (emphasis in original); *Pyramid*, 2013 WL 840664, at *4, n.7 ("[A] carrier's liability to a party who is entitled to bring suit is not affected by the failure to issue a receipt or bill of lading.") Courts have held that, in addition to shippers, "consignors, holders of the bills of lading issued by the carrier, and persons beneficially interested in the shipment although not in possession of the actual bill of lading . . . have standing to sue under the Carmack Amendment." *Von Diezelski v. All*

*My Sons Moving & Storage of Baton Rouge, Inc.*, No. CV 16-694-RLB, 2018 WL 3118683, at *1 (M.D. La. June 25, 2018) (quoting *Banos v. Eckerd Corp.*, 997 F. Supp. 756, 762 (E.D. La. 1998)); *Haulmark*, 2014 WL 5768685, at *2 (accord).

The plaintiff argues that *Pyramid* stands for the proposition that a party who is not named in a receipt or bill of lading lacks standing to bring suit under the Carmack Amendment. Plaintiff's Response at 9 ("Like the plaintiff in *Pyramid*, Plaintiff Gregory Shamoun is a stranger to the bill of lading issued in this matter."). But *Pyramid* does not support Shamoun's argument. There, with respect to transportation broker-plaintiffs, Judge Fitzwater noted that unless the intent to allow a transportation broker to bring a Carmack Amendment claim is evident from a receipt or bill of lading, transportation brokers can generally sue under the Amendment only where they obtain the right to sue "through [an] assignment [of rights] or some form of subrogation." *Pyramid*, 2013 WL 840664, at *4; see also *Haulmark*, 2014 WL 5768685, at *6 (finding a broker lacked standing to sue under the Carmack Amendment).

Here, however, Shamoun is not a broker, but the owner of the property that is the subject of this lawsuit. The court concludes that Shamoun, unlike a broker, qualifies as a "person[] beneficially interested in the shipment" of the property, based on his ownership interest in the medallions. See *Von Diezelski*, 2018 WL 3118683, at *1. Accordingly, even if the bill of lading issued in relation to the shipment of the

medallions did not identify Shamoun as a consignee (or had no bill of lading been issued at all), Shamoun would have standing to bring a Carmack Amendment claim.

   c. The Plaintiff's Claims are Completely Preempted by the Carmack Amendment, and are Therefore Removable to Federal Court

Having found that the plaintiff has standing to assert a claim under the Carmack Amendment arising out of the loss of his medallions, the court finds that Shamoun's claims are completely preempted by the Carmack Amendment. The Fifth Circuit has held that state law negligence claims against a carrier arising from the loss of or injury to property shipped in interstate commerce are completely preempted by the Carmack Amendment. See *Hoskins,* 343 F.3d at 777 (citing *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306 (5th Cir. 1993)) (affirming *Moffit*'s holding that the Carmack Amendment completely preempts state law claims for negligence). And with respect to state law conversion claims, the Fifth Circuit has held that such claims are generally preempted by the Carmack Amendment, except where the party challenging preemption establishes that the "carrier has intentionally converted for its own purposes the property of the shipper." See *Tran Enterprises, LLC v. DHL Express (USA), Inc.*, 627 F.3d 1004, 1009-10 (5th Cir. 2010). Here, Shamoun does not assert that the carrier, Old Dominion, intentionally converted his medallions for its own purposes. Rather, Shamoun asserts that Old Dominion "wrongfully exercised control of the [p]roperty by placing it in a dumpster." Complaint at 4.

Accordingly, the court concludes that both of the plaintiff's claims are subject to complete preemption under the Carmack Amendment. The court therefore **DENIES** the plaintiff's motion to remand.

B. The Defendant's Rule 12(b)(6) Motion to Dismiss

The court now turns to the defendant's motion to dismiss. As noted above, where a plaintiff's state law claim gives rise to federal removal jurisdiction under the doctrine of complete preemption, the claim is not necessarily "entirely preempted on the merits." *Spear Marketing*, 844 F.3d at 467 n.3. As the Fifth Circuit noted in *Spear Marketing*, a "claim based on multiple wrongful acts may not be entirely preempted on the merits if only some of those acts violate rights that are equivalent to" the rights conferred by the preempting federal statute. *Id.*

Here, however, the sole wrongful action that the plaintiff alleges Old Dominion took occurred when Old Dominion's employee allegedly placed Shamoun's medallions in a dumpster after the medallions arrived at Old Dominion's Garland, Texas facility. This alleged act, if proven true, would violate a right that the Carmack Amendment is designed to protect; namely, the right to recover for "loss or injury to [] property" shipped by a common carrier in interstate commerce. *See* 49 U.S.C. § 14706(a)(1); *Hoskins*, 343 F.3d at 778 ("Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier. . . .")

(emphasis omitted). Accordingly, the court concludes that the plaintiff's state law claims are entirely preempted by federal law, and thay the plaintiff therefore "fail[s] to state a claim upon which relief can be granted[.]" *See* Fed. R. Civ. P. 12(b)(6); *University Chill LLC v. Saia Motor Freight Line, LLC*, No. SA-14-CA-902-FB, 2014 WL 12589581, at *2 (W.D. Tex. Nov. 14, 2014) ("Based on Supreme Court and Fifth Circuit precedent, plaintiff's claims are preempted by the Carmack Amendment. As such, plaintiff fails to state a claim in his original petition and his original petition must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

Accordingly, Old Dominion's motion to dismiss is **GRANTED**.

## III.  CONCLUSION

In accordance with the foregoing, the plaintiff's motion to remand (docket entry 8) is **DENIED**, the defendant's motion to dismiss (docket entry 4) is **GRANTED**, and the plaintiff's claims are **DISMISSED**.

The court nonetheless **GRANTS** Shamoun's request for leave to amend his complaint to assert a claim for relief under the Carmack Amendment, provided that the plaintiff's amended complaint is filed and served no later than **February 20, 2020**.  *See* Fed. R. Civ. P 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Air Liquide Mexico S. de R.L. de C.V. v. Talleres Willie, Inc.*, No. CV H-14-211, 2015 WL 12942051, at *7 (S.D. Tex. Feb. 18, 2015) (granting

the plaintiffs leave to amend their complaint to bring claims under the Carmack Amendment where the plaintiffs' state law claims were dismissed as preempted under the Carmack Amendment).  If no such amended complaint is filed and served, this action will be dismissed without further notice.

**SO ORDERED**.

February 4, 2020.

_____
A. JOE FISH
Senior United States District Judge